UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ALLEN RICHARDSON WOODS, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 3:13-CV-401 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## **ORDER TO TRANSFER**

Petitioner Allen Richardson Woods is a state prisoner incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). He filed this habeas corpus action challenging his attempted murder conviction rendered in Colorado County, Texas. After reviewing the petition and the applicable law, the Court concludes that his case should be transferred for the reasons stated below.

Because the petitioner is confined pursuant to a judgment and sentence by a state court in Texas, which has more than one federal district, jurisdiction over the petition is governed by 28 U.S.C. § 2241(d), which provides as follows:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain this application.

The Fifth Circuit has clarified that under § 2241(d), a petitioner may seek a federal writ of habeas corpus in one of *only* two places: (1) the district in which the state court conviction was entered, or (2) the district within which the petitioner is incarcerated. *See Wadsworth v. Johnson*, 235 F.3d 959, 962 (5th Cir. 2000). Although the statute speaks only to districts, the Fifth Circuit has extended the rule found in § 2241(d) to divisions within the same district as well. *See Mitchell v. Henderson*, 432 F.2d 435, 436 (5th Cir. 1970) (concluding that the division of conviction where witnesses were located was a more appropriate venue than the division of confinement in challenge to the conviction).

Woods was convicted and sentenced in the 25th District Court of Colorado County, Texas, which is within the Houston Division of the Southern District of Texas. Although this Court has jurisdiction to consider Woods' suit, the interests of justice are better served by transferring this case to the Houston Division where the state court records from his conviction are likely maintained and where witnesses likely reside.

Accordingly, this petition is **TRANSFERRED** to the Clerk of the United States District Court for the Southern District of Texas, Houston Division.

SIGNED this 18th day of November, 2013.

_____
Gregg Costa
United States District Judge